U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 SEP 10 PM 3:49

CLERK
BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA,

Plaintiff,

v.

KATHARINE ROBERTS,

Defendant.

Civil No. 2:20-cv-136

**COMPLAINT**

The United States of America, by its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, brings this Complaint to recover a debt owed to the United States Department of Education, an agency of the United States of America.

**Jurisdiction and Facts**

1. This Court has jurisdiction over this action under 28 U.S.C. § 1345.

2. The last known address of the Defendant, Katharine Roberts ("the Borrower"), is 234 ½ Power Street, Providence, Rhode Island 02906.

3. On or about April 19, 2011, Roberts executed a promissory note to secure a Direct Consolidation loan ("Consolidation Loan") from the DoEd. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1087a *et. seq*. (34 C.F.R. Part 685). A copy of the promissory note is attached hereto as Exhibit A.

4. The loan was disbursed on or about May 23, 2011 in the amount of $100,357.41 plus 8.00% interest per annum.

5. The DoEd has credited a total of $46,386.19 in payments from all sources, including Treasury Department offsets, to the balance. After application of these payments, Roberts owed principal in the amount of $95,878.96 and interest in the amount of $21,751.09, for a total debt of $117,630.05, as of September 20, 2019. A Certificate of Indebtedness showing the total amount now due on the note is attached hereto as Exhibit B. The Certificate of Indebtedness indicates that, as of April 24, 2020, the total indebtedness under the note was $111,706.28.

6. Roberts filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on August 5, 2014, and thereafter filed an Adversary Proceeding on August 29, 2019 seeking a partial discharge of her Consolidation Loan. Pursuant to the settlement agreement entered in that case, Roberts agreed to entry of a consent judgment against her on the entire debt, with a stay of execution and collection thereon pending payment in full of an amount agreed to by the parties. *See In re Roberts*, USBC Docket No. 14-10443; *Roberts v. United States Department of Education*, Adversary Proceeding No. 19-01007.

WHEREFORE, THE UNITED STATES PRAYS:

a. That judgment on the promissory note be entered against the Borrower;

b. That the Court award interest on the judgment to accrue at the legal rate until paid in full as provided by 28 U.S.C. § 1961;

c. That the Court fix and allow attorney's fees and other costs and expenses incident to this proceeding;

d. And for such other and further relief as this Honorable Court may deem just and equitable.

Dated at Burlington, in the District of Vermont, this 10th day of September, 2020.

UNITED STATES OF AMERICA

CHRISTINA E. NOLAN
United States Attorney

By:

MELISSA A. D. RANALDO
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402
(802) 951-6725
melissa.ranaldo@usdoj.gov




# Federal Direct Consolidation Loan Application and Promissory Note

OMB No 1845-0053
Form Approved
Exp Date 11/30/2010




WARNING: Any person who knowingly makes a false statement or misrepresentation on this form will be subject to penalties which may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097

Borrower's Name (please print) Katharine L Roberts Social Security Number

**Section E: Borrower Understandings, Certifications, and Authorizations**

22. I understand that:

A. My Direct Consolidation Loan will, to the extent used to pay off loans that I have selected for consolidation, count against the applicable aggregate loan limits under the Act. The term "the Act" is defined under "Governing Law" on page 4 of this Note.

B. The amount of my Direct Consolidation Loan is the sum of the balances of my outstanding eligible loans that I have chosen to consolidate. My outstanding balance on each loan to be consolidated includes unpaid principal, unpaid accrued interest, and late charges as defined by federal regulations and as certified by each holder. Collection costs may also be included. For a Direct Loan Program or Federal Family Education Loan (FFEL) Program loan that is in default, the U.S. Department of Education (ED) limits collection costs that may be included in the payoff balances of the loans to a maximum of 18.5 percent of the outstanding principal and interest. For any other defaulted federal education loans, all collection costs that are owed may be included in the payoff balances of the loans.

C. ED will provide me with information about the loans and payoff amounts that ED verifies with the holders of my loans before the actual payoffs occur. If I do not want to consolidate any of the loans that ED has verified, I must notify ED before the loans are paid off.

D. If the amount ED sends to my holders is more than the amount needed to pay off the balances of the selected loans, the holders will refund the excess to ED and it will be applied against the outstanding balance of my Direct Consolidation Loan. If the amount that ED sends to my holders is less than the amount needed to pay off the balances of the loans selected for consolidation, ED will include the remaining amount in my Direct Consolidation Loan.

E. Unless I am consolidating a delinquent Federal Consolidation Loan that the lender has submitted to the guaranty agency for default aversion or a defaulted Federal Consolidation Loan, or, effective July 1, 2008, I am consolidating a Federal Consolidation Loan into the Direct Loan Program to use the Public Service Loan Forgiveness Program, I may consolidate an existing Federal Consolidation Loan or Direct Consolidation Loan only if I include at least one additional eligible loan in the consolidation.

F. If I am consolidating a delinquent Federal Consolidation Loan that the lender has submitted to the guaranty agency for default aversion or a defaulted Federal Consolidation loan, and I am not including another eligible loan, I must agree to repay my Direct Consolidation Loan under the Income Contingent Repayment Plan or, effective July 1, 2009, the Income-Based Repayment Plan.

23. Under penalty of perjury, I certify that:

A. The information that I have provided on this Note is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

B. I do not have any other application pending for a Federal Consolidation Loan with any FFEL Program lender.

C. All of the loans selected for consolidation have been used to finance my education or the education of my dependent student(s).

D. All of the loans selected for consolidation are in a grace period or in repayment (including loans in deferment or forbearance).

E. Unless I am consolidating a delinquent Federal Consolidation Loan that the lender has submitted to the guaranty agency for default aversion or a defaulted Federal Consolidation Loan, or, effective July 1, 2008, I am consolidating one or more FFEL Program loans into the Direct Loan Program to use the Public Service Loan Forgiveness Program, if none of the loans I am consolidating is a Direct Loan Program loan, I have sought and been unable to obtain a Federal Consolidation Loan from a FFEL Program lender, or I have been unable to obtain a Federal Consolidation Loan with income-sensitive repayment terms or, effective July 1, 2009, income-based repayment terms that are acceptable to me.

F. If I owe an overpayment on a Federal Perkins Loan, Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, Academic Competitiveness Grant (ACG), National Science or Mathematics Access to Retain Talent (SMART) Grant, or Leveraging Educational Assistance Partnership Grant, I have made satisfactory arrangements with the holder to repay the amount owed.

G. If I am in default on any loan I am consolidating (except as provided above in item 22.F.), I have either made a satisfactory repayment arrangement with the holder of that defaulted loan, or I will repay my Direct Consolidation Loan under the income contingent repayment plan or, effective July 1, 2009, the Income-Based Repayment Plan

H. If I have been convicted of, or pled *nolo contendere* or guilty to, a crime involving fraud in obtaining federal student aid funds under Title IV of the Higher Education Act of 1965, as amended (the Act), I have completed the repayment of those funds to ED, or to the loan holder in the case of a Title IV federal student loan

24. I make the following authorizations:

A. I authorize ED to contact the holders of the loans selected for consolidation to determine the eligibility of the loans for consolidation and the payoff amounts. I further authorize release to ED or its agent of any information required to consolidate my education loans in accordance with the Act.

B. I authorize ED to issue the proceeds of my Direct Consolidation Loan to the holders of the selected loans to pay off the debts.

C. I authorize ED to investigate my credit record and report information about my loan status to persons and organizations permitted by law to receive that information.

D. I authorize my school(s) and ED to release information about my Direct Consolidation Loan to the references on the loan and to members of my immediate family, unless I submit written directions otherwise.

E. I authorize my school(s), ED, or their agents to verify my social security number with the Social Security Administration (SSA) and, if the number on my loan record is incorrect, then I authorize SSA to disclose my correct social security number to these parties.

**Section F: Promissory Note** (continued on page 4) **– to be completed and signed by the borrower.**

**25. Promise to Pay:**

I promise to pay to the U.S. Department of Education (ED) all sums disbursed under the terms of this Note to pay off my prior loan obligations, plus interest and other charges and fees that may become due as provided in this Note. If I do not make payments on this Note when due, I will also pay reasonable collection costs, including but not limited to attorney's fees, court costs, and other fees.

If ED accepts my application, I understand that ED will on my behalf send funds to the holders of the loans that I want to consolidate to pay off those loans. I further understand that the amount of my Direct Consolidation Loan will equal the sum of the amounts that the holders of the loans verified as the payoff balances on the loans selected for consolidation. My signature on this Note serves as my authorization to pay off the balances of the loans selected for consolidation as provided by the holders of the loans.

The payoff amount may be greater than or less than the estimated total balance I have indicated in Section C1. Further, I understand that if any collection costs are owed on the loans selected for consolidation, these costs may be added to the principal balance of my Direct Consolidation Loan.

**Promissory Note – continued from page 3**

I will not sign this Note before reading the entire Note, even if I am told not to read it. I am entitled to an exact copy of this Note and the Borrower's Rights and Responsibilities Statement. My signature certifies that I have read, understand, and agree to the terms and conditions of this Note, including the Borrower Understandings, Certifications, and Authorizations in Section E, and the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT THIS IS A LOAN THAT I MUST REPAY.**

**26. Borrower's Signature** Katharine L. Roberts **( Electronic Signature )** **Today's Date (mm-dd-yyyy)** 04/19/2011

### Governing Law

The terms of this Federal Direct Consolidation Loan Application and Promissory Note (Note) will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), the U.S. Department of Education's (ED's) regulations, as they may be amended in accordance with their effective date, and other applicable federal laws and regulations (collectively referred to as the "Act"). Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

### Disclosure of Loan Terms

This Note applies to a Federal Direct Consolidation Loan (Direct Consolidation Loan). Under this Note, the principal amount that I owe, and am required to repay, will be equal to all sums disbursed to pay off my prior loan obligations, plus any unpaid interest that is capitalized and added to the principal amount.

My Direct Consolidation Loan may have up to two separate loan identification numbers depending on the loans I choose to consolidate. These loan identification numbers will represent prior subsidized loans and prior unsubsidized loans. Each applicable loan identification number is represented by this Note.

When the loans that I am consolidating are paid off, a disclosure statement will be sent to me identifying the amount of my Direct Consolidation Loan, the associated loan identification numbers, and additional terms of the loan. Important additional information is also contained in the Borrower's Rights and Responsibilities Statement. The Borrower's Rights and Responsibilities Statement and any disclosure I receive in connection with the loan made under this Note are hereby incorporated into this Note.

### Interest

Interest will be calculated using a formula provided for by the Act. Unless ED notifies me in writing of a lower rate, the interest rate on my Direct Consolidation Loan will be based on the weighted average of the interest rates on the loans being consolidated, rounded to the nearest higher one-eighth of one percent, but will not exceed 8.25%. This is a fixed interest rate, which means that the rate will remain the same throughout the life of the loan.

Except for interest ED does not charge me during a deferment period on the subsidized portion of my Direct Consolidation Loan, I agree to pay interest on the principal amount of my Direct Consolidation Loan from the date of disbursement until the loan is paid in full or discharged. ED may add interest that accrues but is not paid when due to the unpaid principal balance of this loan, as provided under the Act. This is called capitalization.

### Late Charges and Collection Costs

ED may collect from me: (1) a late charge of not more than six cents for each dollar of each late payment if I fail to make any part of a required installment payment within 30 days after it becomes due, and (2) any other charges and fees that are permitted by the Act related to the collection of my Direct Consolidation Loan. If I default on my loan, I will pay reasonable collection costs, plus court costs and attorney fees.

### Repayment

I must repay the full amount of the Direct Consolidation Loan made under this Note, plus accrued interest. I will repay my loan in monthly installments during a repayment period that begins on the date of the first disbursement of the loan, unless it is in a deferment or forbearance period. Payments made by me or on my behalf will be applied first to late charges and collection costs that are due, then to interest that has not been paid, and finally to the principal amount of the loan, except during periods of repayment under the Income-Based Repayment Plan.

Under the Income-Based Repayment Plan, payments will be applied first to interest that is due, then to fees that are due, and then to the principal amount.

ED will provide me with a choice of repayment plans. Information on these plans is included in the Borrower's Rights and Responsibilities Statement. I must select a repayment plan. If I do not select a repayment plan, ED will choose a plan for me in accordance with ED's regulations.

ED will provide me with a repayment schedule that identifies my payment amounts and due dates. My first payment will be due within 60 days of the first disbursement of my Direct Consolidation Loan unless it is in a deferment or forbearance period. If I am unable to make my scheduled loan payments, ED may allow me to temporarily stop making payments, reduce my payment amount, or extend the time for making payments, as long as I intend to repay my loan. Allowing me to temporarily delay or reduce loan payments is called forbearance.

ED may adjust payment dates on my Direct Consolidation Loan or may grant me forbearance to eliminate a delinquency that remains even though I am making scheduled installment payments.

I may prepay any part of the unpaid balance on my loan at any time without penalty. After I have repaid my Direct Consolidation Loan in full, ED will send me a notice telling me that I have paid off my loan.

### Acceleration and Default

At ED's option, the entire unpaid balance of the Direct Consolidation Loan will become immediately due and payable (this is called "acceleration") if either of the following events occurs: (1) I make a false representation that results in my receiving a loan for which I am not eligible; or (2) I default on the loan.

The following events will constitute a default on my loan: (1) I fail to pay the entire unpaid balance of the loan after ED has exercised its option under the preceding paragraph; (2) I fail to make installment payments when due, provided my failure has persisted for at least 270 days; or (3) I fail to comply with other terms of the loan, and ED reasonably concludes that I no longer intend to honor my repayment obligation. If I default, ED may capitalize all outstanding interest into a new principal balance, and collection costs will become immediately due and payable.

If I default, the default will be reported to national credit bureaus and will significantly and adversely affect my credit rating. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement. I also understand that if I default, ED may require me to repay the loan under an income contingent repayment plan in accordance with the Act.

### Legal Notices

Any notice required to be given to me will be effective if mailed by first class mail to the most recent address that ED has for me. I will immediately notify ED of a change of address or status, as specified in the Borrower's Rights and Responsibilities Statement.

If ED fails to enforce or insist on compliance with any term on this Note, this does not waive any right of ED. No provision of this Note may be modified or waived except in writing by ED. If any provision of this Note is determined to be unenforceable, the remaining provisions will remain in force.

## Borrower's Rights and Responsibilities Statement

*Important Notice: This Borrower's Rights and Responsibilities Statement provides additional information about the terms and conditions of the loan you will receive under the accompanying Federal Direct Consolidation Loan (Direct Consolidation Loan) Application and Promissory Note (Note).* ***Please keep a copy of the Note and this Borrower's Rights and Responsibilities Statement for your records.***

*In this document, the words "we," "us," and "our" refer to the U.S. Department of Education. The word "loan" refers to your Direct Consolidation Loan.*

**1. The William D. Ford Federal Direct Loan Program.** The William D. Ford Federal Direct Loan (Direct Loan) Program includes the following types of loans, known collectively as "Direct Loans":

- Federal Direct Stafford/Ford Loans (Direct Subsidized Loans)
- Federal Direct Unsubsidized Stafford/Ford Loans (Direct Unsubsidized Loans)
- Federal Direct PLUS Loans (Direct PLUS Loans)
- Federal Direct Consolidation Loans (Direct Consolidation Loans)

The Direct Loan Program is authorized by Title IV, Part D, of the Higher Education Act of 1965, as amended.

Direct Loans are made by the U.S. Department of Education. Our Direct Loan Servicing Center services, answers questions about, and processes payments on Direct Loans. We will provide you with the Direct Loan Servicing Center's address and telephone number.

**2. Laws that apply to this Note.** The terms and conditions of loans made under this Note are determined by the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.) and other applicable federal laws and regulations. These laws and regulations are referred to as "the Act" throughout this Borrower's Rights and Responsibilities Statement. State law, unless it is preempted by federal law, may provide you with certain rights, remedies, and defenses in addition to those stated in the Note and this Borrower's Rights and Responsibilities Statement.

**NOTE: Any change to the Act applies to loans in accordance with the effective date of the change.**

**3. Direct Consolidation Loan identification numbers.** Depending on the type(s) of federal education loan(s) that you choose to consolidate, your loan may have up to two individual loan identification numbers. However, you will have only one Direct Consolidation Loan and will receive only one bill.

3a. The subsidized portion of your loan ("Direct Subsidized Consolidation Loan") will have one loan identification number representing the amount of the following types of loans that you consolidate:

- Subsidized Federal Stafford Loans
- Direct Subsidized Loans
- Subsidized Federal Consolidation Loans
- Direct Subsidized Consolidation Loans
- Federal Insured Student Loans (FISL)
- Guaranteed Student Loans (GSL)

3b. The unsubsidized portion of your loan ("Direct Unsubsidized Consolidation Loan") will have one identification number representing the amount of the following types of loans that you consolidate:

- Unsubsidized and Nonsubsidized Federal Stafford Loans
- Direct Unsubsidized Loans
- Unsubsidized Federal Consolidation Loans
- Direct Unsubsidized Consolidation Loans
- Federal PLUS Loans (for parents or for graduate and professional students)
- Direct PLUS Loans (for parents or for graduate and professional students)
- Direct PLUS Consolidation Loans
- Federal Perkins Loans
- National Direct Student Loans (NDSL)
- National Defense Student Loans (NDSL)
- Federal Supplemental Loans for Students (SLS)
- Parent Loans for Undergraduate Students (PLUS)
- Auxiliary Loans to Assist Students (ALAS)
- Health Professions Student Loans (HPSL)
- Health Education Assistance Loans (HEAL)
- Nursing Student Loans (NSL)
- Loans for Disadvantaged Students (LDS)

**4. Adding eligible loans to your Direct Consolidation Loan.** You may add eligible loans to your Direct Consolidation Loan by submitting a request to us within 180 days of the date your Direct Consolidation Loan is made. (Your Direct Consolidation Loan is "made" on the date we pay off the first loan that you are consolidating.) After we pay off any loans that you add during the 180-day period, we will notify you of the new total amount of your Direct Consolidation Loan and of any adjustments that must be made to your monthly payment amount.

If you want to consolidate an additional eligible loan after the 180-day period, you must apply for a new Direct Consolidation Loan.

**5. Loans that may be consolidated.** *General.* Only the federal education loans listed in Items 3a.and 3b. of this Borrower's Rights and Responsibilities Statement may be consolidated into a Direct Consolidation Loan. You may only consolidate loans that are in a grace period or in repayment (including loans in deferment or forbearance). At least one of the loans that you consolidate must be a Direct Loan Program loan or a Federal Family Education Loan (FFEL) Program loan.

*Defaulted loans.* You may consolidate a loan that is in default if (a) you first make satisfactory repayment arrangements with the holder of the defaulted loan, or (b) you agree to repay your Direct Consolidation Loan under the Income Contingent Repayment Plan (see Item 10).

*Existing consolidation loans.* Generally, you may consolidate an existing Direct Consolidation Loan or Federal Consolidation Loan into a new Direct Consolidation Loan only if you include at least one additional eligible loan in the consolidation. However, you may consolidate a Federal Consolidation Loan into a new Direct Consolidation Loan without including an additional loan if the Federal Consolidation Loan is delinquent and has been submitted by the lender to the guaranty agency for default aversion, or if the Federal Consolidation Loan is in default. In such cases, you must agree to repay the new Direct Consolidation Loan under the Income Contingent Repayment Plan or, effective July 1, 2009, the Income-Based Repayment Plan. Effective July 1, 2008, you may also consolidate a single Federal Consolidation Loan into a new Direct Consolidation Loan for purposes of using the public service loan forgiveness program described in Item 16 of this Borrower's Rights and Responsibilities Statement.

**6. Information you must report to us.** Until your loan is repaid, you must notify the Direct Loan Servicing Center if you:

- Change your address or telephone number;
- Change your name (for example, maiden name to married name);
- Change your employer or your employer's address or telephone number changes; or
- Have any other change in status that would affect your loan (for example, if you received a deferment while you were unemployed, but have found a job and therefore no longer meet the eligibility requirements for the deferment)

**7. Interest rate.** The interest rate on your Direct Consolidation Loan will be the lesser of the weighted average of the interest rates on the loans being consolidated, rounded to the nearest higher one-eighth of one percent, OR 8.25%. We will send you a notice that tells you the interest rate on your loan.

The interest rate on a Direct Consolidation Loan is a fixed rate. This means that the interest rate will remain the same throughout the life of your loan.

**8. Payment of Interest.** We charge interest on a Direct Consolidation Loan from the date the loan is made until it is paid in full or discharged, including during periods of deferment or forbearance. However, we do not charge interest on the subsidized portion of a Direct Consolidation Loan ("Direct Subsidized Consolidation Loan" – see Item 3a.) during deferment periods.

If you do not pay the interest as it is charged during the periods described above, we will add the interest to the unpaid principal amount of your loan at the end of the deferment or forbearance period. This is called "capitalization." Capitalization increases the unpaid principal balance of your loan, and we will then charge interest on the increased principal amount.

The chart below shows the difference in the total amount you would repay on a $15,000 Direct Unsubsidized Consolidation Loan if you pay the interest as it is charged during a 12-month deferment or forbearance period, compared to the amount you would repay if you do not pay the interest and it is capitalized.

| | If you pay the interest as it is charged... | If you do not pay the interest and it is capitalized... |
|---|---|---|
| Loan Amount | $15,000 | $15,000 |
| Capitalized Interest for 12 months (at the maximum rate of 8.25%) | $0 | $1,238 |
| Principal to be Repaid | $15,000 | $16,238 |
| Monthly Payment (Standard Repayment Plan) | $146 | $158 |
| Number of Payments | 180 | 180 |
| Total Amount Repaid | $26,209 | $28,359 |

In this example, you would pay $12 less per month and $2,150 less altogether if you pay the interest as it is charged during a 12-month deferment or forbearance period.

You may be able to claim a federal income tax deduction for interest payments you make on Direct Loans. For further information, refer to IRS Publication 970, which is available at http://www.irs.ustreas.gov.

9. **Repayment Incentive programs.** A repayment incentive is a benefit that we offer to encourage you to repay your loan on time. Under a repayment incentive program, the interest rate we charge on your loan may be reduced. Some repayment incentive programs require you to make a certain number of payments on time to keep the reduced interest rate. For Direct Consolidation Loans, the following repayment incentive program may be available to you:

*Interest Rate Reduction for Electronic Debit Account Repayment*

Under the Electronic Debit Account (EDA) repayment option, your bank automatically deducts your monthly loan payment from your checking or savings account and sends it to us. EDA helps to ensure that your payments are made on time. In addition, you receive a 0.25 percent interest rate reduction while you repay under the EDA option. We will include information about the EDA option in your first bill. You can also get this information on the Direct Loan Servicing Center's web site, or by calling the Direct Loan Servicing Center's toll-free telephone number (the web site address and telephone number are provided on all correspondence that the Direct Loan Servicing Center sends you).

The Direct Loan Servicing Center can provide you with more information on other repayment incentive programs that may be available.

Note: Another repayment incentive program, the up-front interest rebate, is available on Direct Subsidized Loans, Direct Unsubsidized Loans, and Direct PLUS Loans. The rebate is equal to a percentage of the loan amount, and is the same amount that would result if the interest rate on the loan were lowered by a specific percentage. To permanently keep an up-front interest rebate, a borrower must make each of the first 12 required monthly payments on time when the loan enters repayment. If you consolidate a Direct Loan on which you received an up-front interest rebate before you permanently earn the rebate (the correspondence you received about your loan will tell you if you received a rebate), you will have to make the first 12 required monthly payments on your Direct Consolidation Loan on time to keep the interest rebate. You will lose the rebate if you do not make all of your first 12 required monthly payments on time. If you lose the rebate, we will add the rebate amount back to the principal balance on your loan account. This will increase the amount that you must repay.

10. **Repaying your loan.** Your first payment will be due within 60 days of the first disbursement of your Direct Consolidation Loan unless your loan is in a deferment or forbearance period. The Direct Loan Servicing Center will notify you of the date your first payment is due.

You must make payments on your loan even if you do not receive a bill or repayment notice. Billing information is sent to you as a convenience, and you are obligated to make payments even if you do not receive a bill or notice.

You may choose one of the following repayment plans to repay your loan:

- **Standard Repayment Plan** – Under this plan, you will make fixed monthly payments and repay your loan in full within 10 to 30 years (not including periods of deferment or forbearance) from the date the loan entered repayment, depending on the amount of your Direct Consolidation Loan and the amount of your other student loan debt as listed in Section C2 of your Note (see the chart below). Your payments must be at least $50 a month and will be more, if necessary, to repay the loan within the required time period.
- **Graduated Repayment Plan** – Under this plan, your payments will be lower at first and will then increase over time, usually every two years. You will repay your loan in full within 10 to 30 years (not including periods of deferment or forbearance) from the date the loan entered repayment, depending on the total amount of your Direct Consolidation Loan and the amount of your other student loan debt as listed in Section C2 of your Note (see the chart below). No single payment under this plan will be more than three times greater than any other payment.

| Maximum Repayment Periods Under the Standard and Graduated Repayment Plans | |
|---|---|
| **Total Education Loan Indebtedness** | **Maximum Repayment Period** |
| Less than $7,500 | 10 years |
| $7,500 to $9,999 | 12 years |
| $10,000 to $19,999 | 15 years |
| $20,000 to $39,999 | 20 years |
| $40,000 to $59,999 | 25 years |
| $60,000 or more | 30 years |

- **Extended Repayment Plan** – You may choose this plan only if (1) you had no outstanding balance on a Direct Loan Program loan as of October 7, 1998, or on the date you obtained a Direct Loan Program loan on or after October 7, 1998, and (2) you have an outstanding balance on Direct Loan Program Loans that exceeds $30,000. Under this plan, you may choose to make either fixed or graduated monthly payments and will repay your loan in full over a repayment period not to exceed 25 years (not including periods of deferment or forbearance) from the date your loan entered repayment. If you choose to make fixed monthly payments, your payments must be at least $50 a month and will be more, if necessary, to repay the loan within the required time period. If you choose to make graduated monthly payments, your payments will start out lower and will then increase over time, generally every two years. Under a graduated repayment schedule, your monthly payment must at least be equal to the amount of interest that accrues each month, and no single payment will be more than three times greater than any other payment.
- **Income Contingent Repayment Plan** – Under this plan, your monthly payment amount will be based on your adjusted gross income (and that of your spouse if you are married), your family size, and the total amount of your Direct Loans. Until we obtain the information needed to calculate your monthly payment amount, your payment will equal the amount of interest that has accrued on your loan unless you request a forbearance. As your income changes, your payments may change. If you do not repay your loan after 25 years under this plan, the unpaid portion will be forgiven. You may have to pay income tax on any amount forgiven.
- **Income-Based Repayment Plan (effective July 1, 2009)** – Under this plan, your required monthly payment amount will be based on your income during any period when you have a partial financial hardship. Your monthly payment amount may be adjusted annually. The maximum repayment period under this plan may exceed 10 years. If you meet certain requirements over a specified period, you may qualify for cancellation of any outstanding balance on your loans. **NOTE:** Direct Consolidation Loans that repaid parent Direct

PLUS Loans or parent Federal PLUS Loans may not be repaid under the Income-Based Repayment Plan.

If you can show to our satisfaction that the terms and conditions of these repayment plans are not adequate to meet your exceptional circumstances, we may provide you with an alternative repayment plan.

If you do not choose a repayment plan, we will choose a plan for you in accordance with the Act.

You may change repayment plans at any time after you have begun repaying your loan. There is no penalty if you make loan payments before they are due, or pay more than the amount due each month.

Except as provided by the Act for payments made under the Income-Based Repayment Plan, we apply your payments and prepayments in the following order: late charges and collection costs first, outstanding interest second, and outstanding principal last.

When you have repaid your loan in full, the Direct Loan Servicing Center will send you a notice telling you that you have paid off your loan. You should keep this notice in a safe place.

**11. Late charges and collection costs.** If you do not make any part of a payment within 30 days after it is due, we may require you to pay a late charge. This charge will not be more than six cents for each dollar of each late payment. If you do not make payments as scheduled, we may also require you to pay other charges and fees involved in collecting your loan.

**12. Demand for immediate repayment.** The entire unpaid amount of your loan becomes due and payable (on your Note this is called "acceleration") if you:

- Make a false statement that causes you to receive a loan that you are not eligible to receive; or
- Default on your loan.

**13. Defaulting on your loan.** Default (failing to repay your loan) is defined in detail in the "Promissory Note" section on page 4 of your Note. If you default:

- We will require you to immediately repay the entire unpaid amount of your loan.
- We may sue you, take all or part of your federal tax refund or other federal payments, and/or garnish your wages so that your employer is required to send us part of your wages to pay off your loan.
- We will require you to pay reasonable collection fees and costs, plus court costs and attorney fees.
- You will lose eligibility for other federal student aid and assistance under most federal benefit programs.
- You will lose eligibility for loan deferments.
- We will also report your default to national credit bureaus (see Item 14).

**14. Credit bureau notification.** We will report information about your loan to one or more national credit bureaus. This information will include the disbursement dates, amount, and repayment status of your loan (for example, whether you are current or delinquent in making payments).

If you default on a loan, we will also report this to national credit bureaus. We will notify you at least 30 days in advance that we plan to report default information to a credit bureau unless you resume making payments on the loan within 30 days. You will be given a chance to ask for a review of the debt before we report it.

If a credit bureau contacts us regarding objections you have raised about the accuracy or completeness of any information we have reported, we are required to provide the credit bureau with a prompt response.

**15. Deferment and forbearance (postponing payments).** If you meet certain requirements, you may receive a **deferment** that allows you to temporarily stop making payments on your loan. If you cannot make your scheduled loan payments, but do not qualify for a deferment, we may give you a **forbearance**. A forbearance allows you to temporarily stop making payments on your loan, temporarily make smaller payments, or extend the time for making payments.

**Deferment**

You may receive a deferment while you are:

- Enrolled at least half-time at an eligible school;
- In a full-time course of study in a graduate fellowship program;
- In an approved full-time rehabilitation program for individuals with disabilities;
- Unemployed (for a maximum of three years; you must be conscientiously seeking, but unable to find, full-time employment); or
- Experiencing an economic hardship (including Peace Corps service), as determined under the Act (for a maximum of three years).
- Serving on active duty during a war or other military operation or national emergency, or performing qualifying National Guard duty during a war or other military operation or national emergency, and if you are serving on or after October 1, 2007, for the 180-day period following the demobilization date for your qualifying service.

Effective October 1, 2007, if you are a member of the National Guard or other reserve component of the U.S. Armed Forces (current or retired) and you are called or ordered to active duty while enrolled at an eligible school, or within 6 months of having been enrolled, you are eligible for a deferment during the 13 months following the conclusion of the active duty service, or until the date you return to enrolled student status, whichever is earlier.

You may be eligible to receive additional deferments if, at the time you received your first Direct Loan, you had an outstanding balance on a loan made under the Federal Family Education Loan (FFEL) Program before July 1, 1993. If you meet this requirement, you may receive a deferment while you are:

- Temporarily totally disabled, or unable to work because you are required to care for a spouse or dependent who is disabled (for a maximum of three years);
- On active duty in the U.S. Armed Forces, on active duty in the National Oceanic and Atmospheric Administration (NOAA), or serving full-time as an officer in the Commissioned Corps of the Public Health Service (for a combined maximum of three years);
- Serving in the Peace Corps (for a maximum of three years);
- A full-time paid volunteer for a tax-exempt organization or an ACTION program (for a maximum of three years);
- In a medical internship or residency program (for a maximum of two years);
- Teaching in a designated teacher shortage area (for a maximum of three years);
- On parental leave (for a maximum of six months);
- A working mother entering or re-entering the workforce (for a maximum of one year); or
- While the student for whom you borrowed a PLUS loan is dependent and is enrolled at least half-time at an eligible school, or is in an approved full-time rehabilitation training program for individuals with disabilities.

You may receive a deferment based on your enrollment in school on at least a half-time basis if (1) you submit a deferment request form to the Direct Loan Servicing Center along with documentation of your eligibility for the deferment, or (2) the Direct Loan Servicing Center receives information from the school you are attending that indicates you are enrolled at least half-time. If the Direct Loan Servicing Center processes a deferment based on information received from your school, you will be notified of the deferment and will have the option of canceling the deferment and continuing to make payments on your loan.

For all other deferments, you (or, for a deferment based on active military duty or qualifying National Guard duty during a war or other military operation or national emergency, your representative) must submit a deferment request form to the Direct Loan Servicing Center, along with documentation of your eligibility for the deferment. In certain circumstances, you may not be required to provide documentation of your eligibility if the Direct Loan Servicing Center confirms that you have been granted the same deferment for the same period of time on a FFEL Program loan. The Direct Loan Servicing Center can provide you with a deferment request form that explains the requirements for the type of deferment you are requesting. You may also obtain deferment request forms and information on deferment eligibility requirements from the Direct Loan Servicing Center's web site at www.dl.ed.gov.

If you are in default on your loan, you are not eligible for a deferment.

You are responsible for paying the interest on a Direct Unsubsidized Consolidation Loan during a deferment period. You are not responsible for paying the interest on a Direct Subsidized Consolidation Loan during a deferment period.

**Forbearance**

We will give you a forbearance if: You are serving in a medical or dental internship or residency program, and you meet specific requirements;

- You are serving in a national service position for which you receive a national service education award under the National and Community Service Act of 1990 (AmeriCorps);
- You qualify for partial repayment of your loans under the Student Loan Repayment Program, as administered by the Department of Defense.
- You are performing service that would qualify you for loan forgiveness under the teacher loan forgiveness program that is available to certain Direct Loan and FFEL program borrowers; or
- The total amount you owe each month for all of the student loans you received under Title IV of the Act is 20 percent or more of your total monthly gross income (for a maximum of three years).

In addition, we may give you a forbearance if you are temporarily unable to make your scheduled loan payments for reasons including, but not limited to, financial hardship or illness.

To request a forbearance, contact the Direct Loan Servicing Center. The Direct Loan Servicing Center can provide you with a forbearance request form that explains the requirements for the type of forbearance you are requesting. You may also obtain forbearance request forms and information on forbearance eligibility requirements from the Direct Loan Servicing Center's web site at www.dl.ed.gov.

Under certain circumstances, we may also give you a forbearance without requiring you to submit a request or documentation. These circumstances include, but are not limited to, the following:

- Periods necessary for us to determine your eligibility for a loan discharge;
- A period of up to 60 days in order for us to collect and process documentation related to your request for a deferment, forbearance, change in repayment plan, or consolidation loan (we do not capitalize interest charged during this period); or
- Periods when you are involved in a military mobilization, or a local or national emergency.

You are responsible for paying the interest on your entire Direct Consolidation Loan during a forbearance period.

16. **Discharge (having your loan forgiven).** We will discharge (forgive) your Direct Consolidation Loan if:

- The Direct Loan Servicing Center receives acceptable documentation of your death. We will also discharge the portion of a Direct Consolidation Loan that repaid one or more Direct PLUS Loans or Federal PLUS Loans obtained on behalf of a student who dies.
- Your loan is discharged in bankruptcy. However, federal student loans are not automatically discharged if you file for bankruptcy. To have your loan discharged in bankruptcy, you must prove to the bankruptcy court, in an adversary proceeding, that repaying the loan would cause undue hardship.
- We determine that you are totally and permanently disabled (as defined in the Act), based on a physician's certification, and you meet additional requirements during a 3-year conditional discharge period. During that period, your earnings from work must not exceed the poverty line amount for a family of two, and you must not receive any additional loans under the Direct Loan, FFEL, or Federal Perkins Loan programs. You may not receive a discharge due to total and permanent disability based on a condition that existed before you received any of the loans that you consolidated, unless a doctor certifies that the condition substantially deteriorated after the loan was made.

In certain cases, we may also discharge all or a portion of your Direct Consolidation Loan if:

- One or more Direct Loan Program, FFEL Program, or Federal Perkins Loan Program loans that you consolidated was used to pay for a program of study that you (or the dependent student for whom you borrowed a PLUS loan) were unable to complete because the school closed;
- Your eligibility (or the eligibility of the dependent student for whom you borrowed a PLUS loan) for one or more of the Direct Loan Program or FFEL Program loans that you consolidated was falsely certified by the school;
- Your eligibility for one or more of the Direct Loan Program or FFEL Program loans that you consolidated was falsely certified as a result of a crime of identity theft; or
- The school did not pay a required refund of one or more Direct Loan Program or FFEL Program loans that you consolidated.

We may forgive a portion of your Direct Consolidation Loan that repaid Direct Subsidized or Direct Unsubsidized Loans you received after October 1, 1998, or subsidized or unsubsidized Federal Stafford Loans you received under the FFEL program after October 1, 1998 if you teach full time for five consecutive years in certain low-income elementary and/or secondary schools and meet certain other qualifications, and if you did not owe a Direct Loan or FFEL program loan as of October 1, 1998, or as of the date you obtain a loan after October 1, 1998.

A public service loan forgiveness program is available that provides for the cancellation of the remaining balance due on your eligible Direct Loan Program loans after you have made 120 payments (after October 1, 2007) on those loans under certain repayment plans while you are employed in certain public service jobs.

To request a loan discharge based on one of the conditions described above (except for discharges due to death or bankruptcy), you must complete an application that you may obtain from the Direct Loan Servicing Center or from the Direct Loan Servicing Center's web site at www.dl.ed.gov.

In some cases, you may assert, as a defense against collection of your loan, that the school did something wrong or failed to do something that it should have done. You can make such a defense against repayment only if the school's act or omission directly relates to your loan or to the educational services that the loan was intended to pay for, and if what the school did or did not do would give rise to a legal cause of action against the school under applicable state law. If you believe that you have a defense against repayment of your loan, contact the Direct Loan Servicing Center.

We do not guarantee the quality of the academic programs provided by schools that participate in federal student financial aid programs. You must repay your loan even if you do not complete your education, are unable to obtain employment in your field of study, or are dissatisfied with, or do not receive, the education you paid for with the loan.

17. **Department of Defense and other federal agency loan repayment.** Under certain circumstances, military personnel may have educational loans repaid by the Secretary of Defense. This benefit is offered as part of a recruitment program that does not apply to individuals based on their previous military service or to those who are not eligible for enlistment in the U.S. Armed Forces. For more information, contact your local military service recruitment office.

Other agencies of the federal government may also offer student loan repayment programs as an incentive to recruit and retain employees. Contact the agency's human resources department for more information.

***END OF BORROWER'S RIGHTS AND RESPONSIBILITIES STATEMENT***

IMPORTANT NOTICES

Gramm-Leach-Bliley Act Notice

In 1999, Congress enacted the Gramm-Leach-Bliley Act (Public Law 106-102). This Act requires that lenders provide certain information to their customers regarding the collection and use of nonpublic personal information.

We disclose nonpublic personal information to third parties only as necessary to process and service your loan and as permitted by the Privacy Act of 1974. See the Privacy Act Notice below. We do not sell or otherwise make available any information about you to any third parties for marketing purposes.

We protect the security and confidentiality of nonpublic personal information by implementing the following policies and practices. All physical access to the sites where nonpublic personal information is maintained is controlled and monitored by security personnel. Our computer systems offer a high degree of resistance to tampering and circumvention. These systems limit data access to our staff and contract staff on a "need-to-know" basis, and control individual users' ability to access and alter records within the systems. All users of these systems are given a unique user ID with personal identifiers. All interactions by individual users with the systems are recorded.

Privacy Act Notice

The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

The authority for collecting the requested information from and about you is §451 et seq. of the Higher Education Act (HEA) of 1965, as amended (20 U.S.C. 1087a et seq.) and the authorities for collecting and using your Social Security Number (SSN) are §484(a)(4) of the HEA (20 U.S.C. 1091(a)(4)) and 31 U.S.C. 7701(b). Participating in the William D. Ford Federal Direct Loan (Direct Loan) Program and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the Direct Loan Program, to permit the servicing of your loan(s), and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) become delinquent or in default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case by case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to permit the servicing or collection of your loan(s), to enforce the terms of the loan(s), to investigate possible fraud and to verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment status, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

Financial Privacy Act Notice

Under the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401-3421), ED will have access to financial records in your student loan file maintained in compliance with the administration of the Direct Loan Program.

Paperwork Reduction Notice

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a currently valid OMB control number. The valid OMB control number for this information collection is 1845-0053. The time required to complete this information collection is estimated to average 1.0 hour (60 minutes) per response, including the time to review instructions, search existing data resources, gather and maintain the data needed, and complete and review the information collection. **If you have any comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to:** U.S. Department of Education, Washington, DC 20202-4700.

**If you have any questions regarding the status of your individual submission of this form, write directly to:**

**U.S. Department of Education**
**Consolidation Department**
**P.O. Box 242800**
**Louisville, KY 40224-2800**

## Transaction History

**Below is a summary of actions that you completed during the electronic consolidation application and promissory note process:**

| | |
|---|---|
| Your identity was confirmed by the PIN web site on | 04/19/2011 at 10:19:58 CT |
| You agreed to use an electronic consolidation application and promissory note on | 04/19/2011 at 12:20:05 ET |
| You confirmed that you read, understood, and agreed to the statement of Borrower's Rights and Responsibilities on | 04/19/2011 at 12:20:14 ET |
| You reviewed your draft consolidation application and promissory note and confirmed that you read, understood, and agreed to the Certification and Authorization, Promise to Pay, Disclosure of Terms, and Important Notices on | 04/19/2011 at 12:20:23 ET |
| You signed your consolidation application and promissory note on | 04/19/2011 at 12:20:32 ET |
| You reviewed your signed consolidation application and promissory note and entered your Confirmation Code on | To Be Completed |
| You confirmed your acceptance of the terms and conditions of this consolidation application and promissory note and submitted it to us on | To Be Completed |

**Your consolidation application and promissory note Confirmation Code is: BF7**




**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 OF 1**

Katharine L. Roberts
234 ½ Power St
Providence, RI 02906-3834
Account No. xxx-xx-5639
Bankruptcy Case No.: 14-10443
Adversary No.: 19-01007

I certify that U. S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/24/20.

On or about 04/19/11 the borrower executed a promissory note to secure a Direct Consolidation loan from the U. S. Department of Education. This loan was disbursed for $100,357.41 on 05/23/11 at 8.00% interest per annum. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a *et seq.* (34 C.F.R. Part 685. Pursuant to 34 C.F.R. § 685.202(b), a total of $0.00 in unpaid interest was capitalized and added to the principal balance.

The Department has credited a total of $55,984.99 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 95,878.96 |
| Interest: | $ 15,827.32 |
| | |
| Total debt as of 04/24/20: | $111,706.28 |

Interest accrues on the principal shown here at the rate of $21.00 per day. (Note: under the CARES Act, no payments are due and no interest will accrue between 03/13/20 and 09/30/20.) The loan is serviced by Granite State.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 04/24/20

Christopher Bolander
Loan Analyst/Litigation Support

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff ______
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Melissa A.D. Ranaldo, AUSA, U.S. Attorney's Office, P.O. Box 570, Burlington, VT 05402, (802) 951-6725

## DEFENDANTS

Katharine Roberts

County of Residence of First Listed Defendant Providence County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Pro se (234 1/2 Power Street, Providence, RI 02906)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. Section 1345

Brief description of cause:
consent to entry of judgment on debt owed to U.S. government agency

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 111,706.28

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE Hon. Colleen A. Brown DOCKET NUMBER 14-10443; 19-01007ap

DATE 09/10/2020

SIGNATURE OF ATTORNEY OF RECORD
Melissa AD Ranaldo

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE WKS 1011 MAG. JUDGE ______

2:20-CV-136